IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MARIA GUTIERREZ, § | | |
| *Plaintiff,* § | | |
| § | | |
| VS. § | CIVIL ACTION NO. 7:17-cv-260 | |
| § | | |
| STATE FARM LLOYDS, § | | |
| *Defendant.* § | JURY DEMANDED | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATE DISTRICT JUDGE:

Defendant STATE FARM LLOYDS ("State Farm") files this Notice of Removal to remove from the County Court at Law No. 7 of Hidalgo County, Texas to this Court a suit styled *Maria Gutierrez v. State Farm Lloyds* and docketed under Cause No. CL-17-2348-G (hereinafter referred to as the "State Court Action").

### STATEMENT OF JURISDICTIONAL BASIS FOR REMOVAL

1. This Court has original diversity jurisdiction under 28 U.S.C.A. §1332(a)(1). Thus, this Court has removal jurisdiction. 28 U.S.C.A. § 1441(a).

2. Under 28 U.S.C. §1446(a), venue of the removed action is proper in this Court as it is the district and division within which the State Court Action is pending.

### TIMELINESS OF NOTICE OF REMOVAL

3. This Notice is timely under 28 U.S.C. § 1446(b). This Notice is filed within thirty (30) days after State Farm was served with Plaintiff's Original Petition. Plaintiff's original state court petition was filed on June 1, 2017. State Farm was served on June 9, 2017.

4. True and correct copies of all process, pleadings, and orders in the State Court

Action are attached hereto as Exhibit A, as required by 28 U.S.C. §1446(a) and Local Rule 81 of the United States District Court for the Southern District of Texas. A list of all counsel of record, including addresses, telephone numbers and parties represented is attached as Exhibit B.

## NATURE OF PLAINTIFF'S CASE

5. This suit involves a claim for property damage arising from plumbing leak that allegedly occurred on or about March 4, 2015 at Plaintiff's residence. State Farm is the insurer for Plaintiff. Plaintiff now sues State Farm alleging breach of contract, violations of the Texas Insurance Code, violations of the DTPA and bad faith.

## BASIS FOR REMOVAL

**A.     Diversity Met**

6. Pursuant 28 U.S.C §1332(a)(1), this Court has diversity jurisdiction.

7. At the time this action was commenced, Plaintiff was and still is a resident and citizen of Texas residing in Hidalgo County.

8. State Farm was, at the time this action commenced, and still is, a citizen of Illinois. State Farm is a "Lloyd's Plan" organized under Chapter 941 of the Texas Insurance Code. It consists of an unincorporated association of underwriters who were, at the time this action commenced, and still are, all citizens and residents of Illinois, thereby making State Farm a citizen of Illinois for diversity purposes.[1] Therefore, complete diversity of citizenship exists between Plaintiff and Defendant State Farm.

**B.     Amount in Controversy Met**

9. The amount in controversy is in excess of the jurisdictional minimum of

---

[1] *See Royal Ins. Co. of America v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-883 (5th Circ. 1993), *cert den.*, 511 U.S. 1032, 114 S.Ct. 1541, 128 L.Ed.2d 193 (1994) (citizenship of unincorporated association determined by citizenship of its members).

$75,000.00, excluding interest and costs. 28 U.S.C.A §1332(a). State Farm notes that Plaintiff pleads that "the total damages sought by Plaintiff against Defendant for all elements of damage does not exceed the sum of $74,999, including exemplary and punitive damages, penalties, and attorney's fees, but exclusive of interest and costs."[2] Plaintiff also pleads that this case is governed by Discovery Level 3.[3] However, Plaintiff did not include the required statement of relief required by Texas Rule of Civil Procedure 47(c) in her petition.  Contrary to Plaintiff's attempts to avoid federal court jurisdiction through her attempted pleading of limited damages, a preponderance of the evidence shows that the amount in controversy exceeds $75,000.00.[4]

10.     Generally, a plaintiff's pleading for a specific sum made in good faith must be deemed the amount in controversy.[5] However, a plaintiff's pleading of a specific sum does not control when made in bad faith or when, as in Texas, state court practice does not permit demand for a specific sum.[6]

11.     Texas state court practice does not permit a demand for a specific sum.[7] Further, it has been held that where a plaintiff attempts to plead an amount not to exceed $75,000, it may be considered bad faith manipulation and an attempt to avoid federal jurisdiction.[8]

---

[2] Plaintiff's Original Petition, at ¶ 4.

[3] *See Id.* at ¶ 3.

[4] A defendant may satisfy the amount in controversy element for removal by "(1) showing it is 'apparent from the claims of the petition that the claims are likely to exceed $75,000', or (2) setting forth 'summary judgment-type evidence of facts in controversy that support a finding of the requisite amount.'" *Chavez v. State Farm Lloyds*, No. 7:15-CV-487, 2016 U.S. Dist. LEXIS 19920, at *1 (S.D. Tex. Feb. 18, 2016), citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[5] 28 U.S.C. § 1332(a).

[6] *Chavez v. State Farm Lloyds*, No. 7:15-CV-487, 2016 U.S. Dist. LEXIS 19920, at *2 (S.D. Tex. Feb. 18, 2016), citing 28 U.S.C. § 1446(c)(2); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995); Tex. R. Civ. P. 47(b)-(c).

[7] *See* Tex. R. Civ. P. 47(b)-(c); *see also Chavez*, at *2.

[8] *See Id; Garcia v. Kellogg USA, Inc.*, No. 7:13-CV-00347, 2013 WL 4735169, at *1 (S.D. Tex. Sept. 3, 2013) (citing *De Aguilar,* 47 F.3d at 1410); *see also Ford v. United Parcel Serv., Inc. (Ohio)*, No. 3:14-CV-1872-D, 2014 WL 4105965, at *2 (N.D. Tex. Aug. 21, 2014) (holding that a plaintiff who pleaded an award not to exceed $74,000 "purposefully contravened the Texas rules governing pleading requirements so as to avoid federal jurisdiction.").

12. Plaintiff's prior counsel served a letter on State Farm before filing the prior suit requesting the difference between the insured's estimate of $73,410.31 and State Farm's estimate.[9] This is the only estimate of damages State Farm has received from the Plaintiff.

13. In addition to actual damages and attorney's fees, Plaintiff's Original Petition requests treble damages under the Texas Insurance Code and the DTPA, 18% interest under the Texas Insurance Code, and exemplary damages.[10] Exemplary damages are to be considered in determining the amount in controversy if the defendant could be liable for such damages under state law.[11] Texas law provides that "[e]xemplary damages awarded against a defendant may not exceed an amount equal to the greater of … two times the amount of economic damages; plus … an amount equal to or any noneconomic damages … not to exceed $750,000; or … $200,000."[12] Therefore, the $75,000 amount in controversy federal jurisdictional requirement could easily be met if Plaintiff is successful in her claim for punitive and treble damages.

## NOTICE SHALL BE PROVIDED

14. Pursuant to 28 U.S.C. §1446(d), State Farm will promptly give written notice of the filing of this notice of removal to Plaintiff and will further file a copy of this Notice of Removal with the District Clerk of Hidalgo County, Texas, where the State Court Action was previously pending.

## CONCLUSION

WHEREFORE, Defendant State Farm hereby requests removal of this case, and respectfully requests that this Court assume full jurisdiction of this proceeding for all purposes as

---

[9] *Exhibit C* – Plaintiff's counsel's letter dated April 28, 2015 to State Farm with estimate.
[10] Plaintiff's Original Petition at ¶¶ 14, 21, and 22-24.
[11] *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).
[12] Tex. Civ. Prac. & Rem. Code § 41.008(b)(1)-(2).

if originally filed in this Court, including but not limited to issuing any orders necessary to stay proceedings in the State Court Action, and for all other relief to which Defendant State Farm may be justly entitled.

                                          Respectfully submitted,

**COWEN & GARZA, LLP**
506 E. Dove Avenue
McAllen, Texas 78504
T. (956) 994-9170
F. (956) 618-2324
sarah@cowengarza.com

By:    */s/ Sarah Pierce Cowen*
Sarah Pierce Cowen
Federal ID No. 7973
State Bar No. 15997480

**ATTORNEY-IN-CHARGE**
**FOR DEFENDANT**
**STATE FARM LLOYDS**

**Of Counsel:**
Viola G. Garza
Federal ID No. 19310
State Bar No. 00787518
viola@cowengarza.com
Summer Olmos
Federal ID No. 625129
State Bar No. 24051134
summer@cowengarza.com
COWEN & GARZA, LLP
506 E. Dove Avenue
McAllen, Texas 78504
T. (956) 994-9170
F. (956) 618-2324

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the preceding, Defendant's Notice of Removal has been filed electronically with the Clerk of the Court and notice of this filing will be sent by operation of the Court's electronic filing system and by facsimile to the following CM/ECF participants on July 7, 2017.

***VIA FACSIMILE: (956) 383-2147***
***& VIA E-MAIL:*** *jgglaw@gmail.com*
Jose G. Gonzalez
LAW OFFICE JOSE G. GONZALEZ
2102 W. University Dr.
Edinburg, Texas 78539


                                         */s/ Sarah Pierce Cowen*_____
                                         Sarah Pierce Cowen