# EXHIBIT

# A-1

CAUSE NO. CL-17-2348-G

| MARIA GUTIERREZ | § | IN THE COUNTY COURT |
| | § | |
| VS. | § | AT LAW NUMBER ____ |
| | § | |
| STATE FARM LLOYDS | § | HIDALGO COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

**MARIA GUTIERREZ**, Plaintiff herein, files this Original Petition against Defendant **STATE FARM LLOYDS** and, in support of her causes of action, would respectfully show the Court the following:

### I.
### THE PARTIES

1. Plaintiff is a Texas resident who resides in Hidalgo County, Texas. Said property is located at: 204 E. Warbler Ave., McAllen, Texas 78504-1604.

| Plaintiff owns the following dwelling(s), policies, and were assigned the following claim number: | | | |
|---|---|---|---|
| Client(s) | Address | Policy Number | Claim Number |
| Maria Gutierrez | 204 E. Warbler Ave. MAllen, TX 78504 | 83-KH-4093-7 | 53-612V-766 |

2. Defendant, **STATE FARM LLOYDS**, is a Domestic corporation authorized to engage in the insurance business in the State of Texas, may be served by serving its **Attorney for Service, Corporation Service Company, 211 E. 7th St., Suite 620, Austin, Texas 78701-3218.** Service by certified mail, return receipt requested is requested at this time.

1



Electronically Subm
6/1/2017 4:19:03
Hidalgo County Clerks O
Accepted by: Alma Nav

CL-17-2348-G

## II.
## DISCOVERY

3. This case is intended to be governed by Discovery Level 3.

## III.
## CLAIM FOR RELIEF

4. The damages sought are within the jurisdictional limits of this court. Plaintiff seeks actual damages from STATE FARM LLOYDS. The total damages sought by Plaintiff against Defendant for all elements of damage does not exceed the sum of $74,999, including exemplary and punitive damages, penalties, and attorneys' fees, but exclusive of interest and costs. Plaintiff will not seek or accept any damages, recover or award that may be rendered in the above-captioned matter in excessive of $74,999.00. Further, Plaintiff herein hereby renounces any judgment in excessive of $74,999, exclusive of interest and costs which might be rendered in their favor. See attached Stipulation of Damages.

## IV.
## JURISDICTION AND VENUE

5. This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

6. Venue is proper in Hidalgo County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in said County. In particular, the loss at issue occurred in this County.

## V.
## FACTUAL BACKGROUND

7. Plaintiff is a named insured under a property insurance policy issued by STATE FARM LLOYDS.

2



8. On or about March 4, 2015, Plaintiff's house and other property substained water damage that occurred from a plumbing leak. Plaintiff subsequently filed a claim on her insurance policy.

9. Defendant improperly underpaid the claim.

10. Moreover, STATE FARM LLOYDS performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

## VI.
## CAUSES OF ACTION

11. Each of the foregoing paragraphs is incorporated by reference in the following:

**A. Breach of Contract**

12. STATE FARM LLOYDS had a contract of insurance with Plaintiff. STATE FARM LLOYDS breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

**B. Prompt Payment of Claims Statute**

13. The failure of STATE FARM LLOYDS to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

14. Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

**C. Bad Faith/DTPA**

15. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

16. Defendant violated § 541.051 of the Texas Insurance Code by:

3

(1)  making statements misrepresenting the terms and/or benefits of the policy.

17. Defendant violated § 541.060 by:

(1)  misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

(2)  failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3)  failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4)  failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

(5)  refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

18. Defendant violated § 541.061 by:

(1)  making an untrue statement of material fact;

(2)  failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3)  making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4)  making a material misstatement of law; and

(5)  failing to disclose a matter required by law to be disclosed.

19. At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

20. Defendant has violated the Texas Deceptive Trade Practices Act in the

4

Case 7:17-cv-00260   Document 1-2   Filed in TXSD on 07/07/17   Page 6 of 20

Electronically Subm
6/1/2017 4:19:03
Hidalgo County Clerks O
Accepted by: Alma Nav

CL-17-2348-G

following respects:

    (1)    Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

    (2)    STATE FARM LLOYDS failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

    (3)    STATE FARM LLOYDS, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that STATE FARM LLOYDS took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

21.    Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

**D.    Attorneys' Fees**

22.    Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

23.    Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because they are represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

24.    Plaintiff further prays that she be awarded all reasonable attorneys' fees incurred in

5



Date: JUL 0 7 2017
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: _____ Deputy Clerk

Electronically Subm
6/1/2017 4:19:03
Hidalgo County Clerks O
Accepted by: Alma Nav

CL-17-2348-G

prosecuting this causes of action through trial and any appeal pursuant to Sections 541.152 & 542.060 of the Texas Insurance Code.

## VII.
## CONDITIONS PRECEDENT

25. All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendant.

## VIII.
## DEMAND FOR JURY

26. Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff herein requests a jury trial and along with the filing of the Original Petition has tendered to the Clerk of the Court the statutory jury fee.

## IX.
## DISCOVERY REQUESTS

27. Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

28. You are also requested to respond to the attached interrogatories, requests for production and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

## X.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff herein prays that, upon final hearing of the case, she recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Plaintiff be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such

JUL 0 7 2017
Date:
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: _____ Deputy Clerk

Electronically Subm
6/1/2017 4:19:03
Hidalgo County Clerks O
Accepted by: Alma Nav

**CL-17-2348-G**

other and further relief, general or special, at law or in equity, to which Plaintiff may show herself to be justly entitled.

                Respectfully submitted,

                LAW OFFICE JOSE G. GONZALEZ
                2102 W. University Dr.
                Edinburg, Texas 78539
                Telephone:  (956) 383-2143
                Telecopier:  (956) 383-2147

By: _____
                JOSE G. GONZALEZ
                jgglaw@gmail.com
                State Bar No. 24053234
                ATTORNEY FOR PLAINTIFF

7

JUL 0 7 2017

Date:_____
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By:_____ Deputy Clerk

Electronically Subm
6/1/2017 4:19:03
Hidalgo County Clerks O
Accepted by: Alma Nav

CL-17-2348-G

## PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS

COME NOW Plaintiffs in the above-styled and numbered cause, and request that Defendant(s) (1) answer the following Interrogatories separately and fully in writing under oath within 50 days of service; (2) answer the Requests for Production separately and fully in writing within 50 days of service; (3) answer the Requests for Admissions separately and fully in writing within 50 days of service; (4) serve your answers to these Interrogatories, Requests for Production, and Requests for Admissions on Plaintiff by and through her attorney of record, Jose G. Gonzalez, Law Office of Jose G. Gonzalez, 2102 W. University Dr., Edinburg, Texas 78539; and (5) produce all documents responsive to the Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within 50 days of service at the Law Office of Jose G. Gonzalez. You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

    a.    You know the response made was incorrect or incomplete when made; or

    b.    You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

### DEFINITIONS AND INSTRUCTIONS

A.    These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.    If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

C.    If you claim that any document which is required to be identified or produced by you in any response is privileged:

    1. Identify the document's title and general subject matter;

8



Case 7:17-cv-00260   Document 1-2   Filed in TXSD on 07/07/17   Page 10 of 20

Electronically Subm
6/1/2017 4:19:03
Hidalgo County Clerks O
Accepted by: Alma Nav

CL-17-2348-G

    2. State its date;
    3. Identify all persons who participated in its preparation;
    4. Identify the persons for whom it was prepared or to whom it was sent;
    5. State the nature of the privilege claimed; and
    6. State in detail each and every fact upon which you base your claim for privilege.

D. "Documents," includes any written, recorded or graphic matter, however produced or reproduced, of every kind regardless of where located including, but not limited to, medical records, tax returns, earnings statements, any summary, schedule, memorandum, note, statement, letter, telegraph, interoffice communication, report, diary, ledger, journal, log, desk or pocket calendar or notebook, day book, appointment book, pamphlet, periodical, worksheet, cost sheet, list, graph, chart, telephone or oral conversation, study, analysis, transcript, minutes, accounting records, data sheet, tally or similar freight documents, computer printout, electronic mail, computer disk, and all other memorials of any conversations, meetings and conferences, by telephone or otherwise, and any other writing or recording which is in your possession, custody or control or in the possession, custody or control of any director, officer, employee, servant or agent of yours or your attorneys. The term "documents" shall also include the files in which said documents are maintained. Electronically stored information should be produced in PDF format.

E. "You," "Your," "Yours", "Defendants" and "Defendant" means all Defendants in this case.

F. In each instance where you are asked to identify or to state the identity of a person, or where the answer to an Interrogatory refers to a person, state with respect to each such person:
    1. her or her name;
    2. her or her last known business and residence address and telephone number; and
    3. her or her business affiliation or employment at the date of the transaction, event or matter referred to.

G. If you decide that one question is not simply one question and plan to object based upon more than 25 interrogatories, you are instructed to skip that question and continue to answer what you consider to be only one question, by answering only the first 25 alleged single questions. By answering any one numbered question, you are hereby admitting that one number question is in fact one question and waive any objection based upon a limit of interrogatories.

H. "Plaintiffs" and "Plaintiff'" includes all Plaintiffs, and refers to a single Plaintiff or multiple Plaintiffs, if applicable.

I. "Property" means the property at issue in the lawsuit.

    J. "Lawsuit" means this lawsuit.

9

Electronically Subm
6/1/2017 4:19:03
Hidalgo County Clerks O
Accepted by: Alma Nav

CL-17-2348-G

## INTERROGATORIES TO DEFENDANT
## STATE FARM LLOYDS

1. Identify the name, address, and role in the claim made the basis of this Lawsuit, if any, for all persons providing information for the answers these interrogatories.

   ANSWER:

2. Identify all persons and/or entities who handled the claim made the basis of the Lawsuit on behalf of Defendant.

   ANSWER:

3. Does Defendant contend that Plaintiff(s) failed to provide proper notice of the claim made the basis of this Lawsuit under either the policy or the Texas Insurance Code, and, if so, describe how the notice was deficient, and identify any resulting prejudice caused to Defendant.

   ANSWER:

4. Does Defendant claim that Plaintiff(s) failed to mitigate her damages? If so, describe how Plaintiff failed to do so, identifying any resulting prejudice caused to Defendant.

   ANSWER:

5. Does Defendant contend that Plaintiff(s) failed to provide Defendant with requested documents and/or information? If so, identify all requests to which Plaintiff(s) did not respond and state whether you denied any portion of the claim based on Plaintiff's(s') failure to respond.

   ANSWER:

6. At the time the claim made the basis of this Lawsuit was investigated and the Property inspected (and prior to anticipation of litigation), describe all damage attributable to the storm observed at the Property by Defendant or any persons or entities on behalf of Defendant.

   ANSWER:

7. Identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion identified, state the reason(s) that Defendant relied upon to apply that exclusion.

   ANSWER:


Date: JUL 0 7 2017
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: _____ Deputy Clerk

Case 7:17-cv-00260 Document 1-2 Filed in TXSD on 07/07/17 Page 12 of 20

Electronically Subm
6/1/2017 4:19:03
Hidalgo County Clerks O
Accepted by: Alma Nav

CL-17-2348-G

8. Describe how Defendant determined whether overhead and profit ("O&P") should be applied to the claim made the basis of this Lawsuit, identifying the criteria for that determination.

   ANSWER:

9. Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation, stating for each item the criteria used and the age of the item.

   ANSWER:

10. To the extent Defendant utilized an estimating software program and modified the manufacturer's settings with respect to Plaintiffs' claim, identify those modifications.

    ANSWER:

11. State whether Defendant applied depreciation to the tear off of the damaged roof and/or other debris removal in the claim made the basis of this Lawsuit, identifying the basis for that depreciation and the applicable policy section under which the tear off was paid under.

    ANSWER:

12. Identify all price lists used to prepare all estimates on the claim made the basis of this Lawsuit, stating the manufacturer, version, date and geographical area.

    ANSWER:

13. To extent Defendant is aware, state whether the estimate(s) prepared for the claim made the basis of lawsuit wrongly included or excluded any item or payment. If so, identify each item or payment and state whether it should have been included or excluded from the estimates prepared on the claim made the basis this Lawsuit.

    ANSWER:

14. To the extent Defendant is aware, state any violations of Texas Insurance Code Section 541 that were discovered on this claim during the claims handling process.

    ANSWER:

15. To the extent Defendant is aware, state any violations of Texas Insurance Code Section 542 that were discovered on this claim during the claims handling process.

    ANSWER:



Date: JUL 0 7 2017
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: _____ Deputy Clerk

CL-17-2348-G

16. To the extent Defendant is aware, state any violations of the requirements or obligations owed to Plaintiff(s) under the Policy relating the claim made the basis of this Lawsuit that were discovered during the claims handling process.

ANSWER:

17. State the date Defendant first anticipated litigation.

ANSWER:

18. State every basis, in fact and in the terms of Plaintiff's policy, for Defendant's(s') denial or partial denial and/or recommendation of denial or partial denial of Plaintiff's claim(s).

ANSWER:

19. Identify every other insurance claim (by name, address and telephone no. of the insured) made for property damage in the same city/town as the house at issue in this case, and stemming from the same storm, which claim was paid in part or whole. This is limited to within 5 miles of Plaintiff's(s') insured property.

ANSWER:

20. Identify anyone who recommended payment on Plaintiff's claim(s), and if so, state what amount(s).

ANSWER:

21. Give the name, address and telephone number of all persons making a claim with you for property damage for the same MARCH 4, 2015 as Plaintiff's claim. This request is limited to persons who live within a 5 mile radius of Plaintiff's insured residence.

ANSWER:

22. List all of your approved or preferred engineers, third party adjusters/adjusting companies, roofers and contractors, for windstorm claims in Texas from one year prior to the MARCH 4, 2015 at issue to date.

ANSWER:

JUL 0 7 2017
Date:
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: Deputy Clerk

Electronically Subm
6/1/2017 4:19:03
Hidalgo County Clerks O
Accepted by: Alma Nav

CL-17-2348-G

## REQUESTS FOR PRODUCTION TO DEFENDANT
## STATE FARM LLOYDS

1. The following insurance documents issued for the Property as identified in the Petition:
    a. the policy at issue for the MARCH 4, 2015 as identified in the Petition; and b. the policy declarations page for the 3 years preceding the storm.

    RESPONSE:

2. Produce underwriting files and documents relating to the underwriting for all insurance policies for the Property at issue. This request is limited to the past 5 years. To the extent Defendant contends that the underwriting file or documents older than 5 years impact the damages or coverage, produce that underwriting file or document.

    RESPONSE:

3. All documents relating to the condition or damages of the Property or any insurance claim on the Property.

    RESPONSE:

4. All documents relating to any real property insurance claims made by the Plaintiff(s). This request is limited to the past 5 years. To the extent Defendant contends that documents older than 5 years impact the damages or coverage, produce that document.

    RESPONSE:

5. All requests for information to any third party about the Property, the Plaintiff(s), or the claims made the basis of this Lawsuit.

    RESPONSE:

6. All documents used to instruct, advise, guide, inform, educate, or assist provided to any person handling the claim made the basis of this Lawsuit that related to the adjustment of this type of claim, i.e., hail property damage.

    RESPONSE:

7. All documents obtained from any person(s) or entity(ies) and governmental agencies on behalf of Defendant or by Defendant relating to the Plaintiff(s), the Property, the Policy, or the claims made the basis of this Lawsuit. This request includes all documents obtained by way of deposition on written questions.

    RESPONSE:

13



CL-17-2348-G

8. All documents received (prior to litigation) directly or indirectly from Plaintiff(s) or created by Plaintiff(s) related to the Property made the basis of this lawsuit. This request is limited to the past 5 years. To the extent Defendant contends that any document older than 5 years impact the damages or coverage, produce that document.

RESPONSE:

9. Produce a copy of all price lists used to prepare any estimates for the claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, you can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

RESPONSE:

10. To the extent Defendant created or altered any prices used in the preparation of an estimate in the claim made the basis of this Lawsuit, produce all documents related to the creation or alteration of the price, including the original price for that item and the factual bases for the creation or alteration.

RESPONSE:

11. A complete copy the personnel file related to performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the claim made the basis of this Lawsuit, including all documents relating to applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. This request is limited to the past 5 years.

RESPONSE:

12. All organizational charts, diagrams, lists, an/or documents reflecting each department, division or section of Defendant's company to which the claim made the basis of this Lawsuit was assigned.

RESPONSE:

13. All Texas insurance licenses and/or certifications in effect at the time of the claims arising out of the storms at issue for all persons who worked on the claim made the basis of this Lawsuit, including any document relating to the application, issuance or review of those licenses and/or certifications. This request excludes those who performed merely ministerial acts, i.e. people who answer phones, file clerks whose only job duty is to stamp "received," etc.

RESPONSE:

14



**CL-17-2348-G**

14. If an engineer and/or engineering firm evaluated the Property, produce all reports written at the request of Defendant by that engineer or engineering firm within the last 5 years. This request is limited to the extent that the engineer and/or engineering firm was used during claims handling.

    RESPONSE:

15. Produce all documents showing amounts billed and paid to any engineer and/or engineering firm identified in response to Request for Production above within the last three years. A summary is acceptable in lieu of actual invoices or payments.

    RESPONSE:

16. All documents reflecting the pre-anticipation of litigation reserve(s) set on the claim made the basis of this Lawsuit, including any changes to the reserve(s) along with any supporting documentation.

    RESPONSE:

17. All documents relating to issues of honesty, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior which resulted in disciplinary action by Defendant of any person(s) or entity(ies) who handled the claim made the basis of this Lawsuit, the Plaintiff(s) or any person assisting on the claim made the basis of this Lawsuit.

    RESPONSE:

18. All documents relating to work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions, and/or concerns for any person who handled the claim made the basis of this Lawsuit.

    RESPONSE:

19. All XactAnalysis reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit relating to claims arising out of the storm(s) occurring on the date(s) of loss claimed by Plaintiff(s).

    RESPONSE:

20. Any email or document that transmits, discusses, or analyzes any report produced in response to the Request for Production immediately above.

    RESPONSE:

15



Case 7:17-cv-00260   Document 1-2   Filed in TXSD on 07/07/17   Page 17 of 20

Electronically Subm
6/1/2017 4:19:03
Hidalgo County Clerks O
Accepted by: Alma Nav

CL-17-2348-G

21. All Simsol Management reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit relating to claims arising out of the hail storms occurring in the county of suit on or about the MARCH 4, 2015 claimed by Plaintiff(s).

RESPONSE:

22. Any email or document that transmits, discusses, or analyzes any report produced in response to the Request for Production immediately above.

RESPONSE:

23. For any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert: all documents or tangible things that have been provided to, reviewed by, or prepared for the testifying expert.

RESPONSE:

24. Pursuant to Texas Rule of Evidence 609(f), provide all documents evidencing conviction of a crime which you intend to use as evidence to impeach any party or witness.

RESPONSE:

25. All indemnity agreements in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:

26. All contracts in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:

27. All confidentiality agreements and/or instructions regarding confidentiality in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who the claim made the basis of the Lawsuit.

RESPONSE:

28. All documents between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit regarding document retention policy in effect at the time of Plaintiffs' claim.

RESPONSE:

16



29. To the extent the claim involves rescinding of the policy, all documents regarding Defendant's standards for investigating and rescinding and/or voiding a policy.

    RESPONSE:

30. A List of all of your approved or preferred engineers, third party adjusters/adjusting companies, roofers and contractors, for windstorm claims in Texas from one year prior to the MARCH 4, 2015 at issue to date.

    RESPONSE:

Date: JUL 0 7 2017
I, Arturo Guajardo, Jr. County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: _____ Deputy Clerk

Electronically Subm
6/1/2017 4:19:03
Hidalgo County Clerks O
Accepted by: Alma Nav

CL-17-2348-G

## FIRST SET OF REQUESTS FOR ADMISSIONS TO DEFENDANT
## STATE FARM LLOYDS

**REQUEST FOR ADMISSION NO. 1.** Admit you committed statutory bad faith in adjusting Plaintiffs claim.

RESPONSE:

**REQUEST FOR ADMISSION NO. 2.** Admit you committed common law bad faith in adjusting Plaintiffs claim.

RESPONSE:

**REQUEST FOR ADMISSION NO. 3.** Admit you breached the insurance agreement by failing to pay the full amount owed there under.

RESPONSE:

**REQUEST FOR ADMISSION NO. 4.** Admit you breached the insurance agreement by failing to pay the full amount owed there under on a timely basis.

RESPONSE:

**REQUEST FOR ADMISSION NO. 5.** Admit you breached the Texas Prompt Payment Act by failing to pay the full amount owed under the policy in a timely fashion.

RESPONSE:

Respectfully submitted,

LAW OFFICE OF JOSE G. GONZALEZ
2102 W. University Dr.
Edinburg, Texas 78539
Telephone:  (956) 383-2143
Telecopier:  (956) 383-2147

By: _/s/ Jose G. Gonzalez_ wp

JOSE G. GONZALEZ
jgglaw@gmail.com
State Bar No. 24053234
ATTORNEY FOR PLAINTIFF

CL-17-2348-G

## STIPULATION OF DAMAGES

TO THE HONORABLE JUDGE OF THIS COURT:

MARIA GUTIERREZ, hereby stipulates that the amount in controversy in the above-styled and numbered cause does not exceed the sum or value of $74,999.00, exclusive of interest and costs. Specifically, MARIA GUTIERREZ, stipulates and agree that the "amount in controversy" includes any and all damages, exclusive of interest and costs, of which Plaintiff seeks to recover by and through the lawsuit filed herein.

Plaintiff, MARIA GUTIERREZ, understands that this stipulation will be filed with the Court and understands that the stipulation will bind the parties in the above-referenced lawsuit to the terms stated herein and through her counsel hereby agrees that they will refuse to execute on the amount exceeding $74,999.00.

Lead counsel for Plaintiff, Jose G. Gonzalez of the LAW OFFICE OF JOSE G. GONZALEZ, agrees to waive any award in excess of $74,999.00.

AGREED TO BY:

LAW OFFICE OF JOSE G. GONZALEZ
2102 W. University Dr.
Edinburg, Texas 78539
Telephone:   (956) 383-2143
Telecopier:   (956) 383-2147

By: _____
JOSE G. GONZALEZ
jgglaw@gmail.com
State Bar No. 24053234
ATTORNEY FOR PLAINTIFF

SUBSCRIBED AND SWORN TO BEFORE ME, on this the 1st day of June, 2017, to certify which witness my hand and official seal.

JOSE DAVID FLORES JR.
Notary Public, State of Texas
My Commission Expires
August 03, 2019

Notary Public in and for the State of Texas

Date: JUL 0 7 2017
I, Arturo Guajardo, Jr, County Clerk do hereby certify that this is a true and correct copy of the original document filed in my office.
By: _____ Deputy Clerk

19